IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEFAN VALENTI MOSLEY                :

   v.                               :   Civil Action No. DKC 07-1520
                                            Criminal Case No. DKC 03-0194
                                        :

UNITED STATES OF AMERICA             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Stefan Valenti Mosley to vacate, set aside, or correct his sentence. (ECF No. 258). The issues are briefed and the court now rules. For the reasons that follow, the motion will be denied.

**I.  Background**

On September 8, 2003, a grand jury returned a superseding indictment charging Petitioner Stefan Valenti Mosley and several co-defendants with various drug and firearms charges. Following a 19-day jury trial, Mosley was found guilty of ten counts: one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and one kilogram or more of phencyclidine; eight counts of possession with intent to distribute various amounts of cocaine powder; and one count of possession of a firearm after a felony conviction.

A sentencing hearing was held on December 13, 2004. Based on a government notice of two prior felony drug convictions filed under 21 U.S.C. § 851, the court sentenced Mosley to concurrent mandatory terms of life imprisonment on the drug counts. *See* 21 U.S.C. § 841(b)(1)(A). Mosley also received a concurrent 120-month sentence on his firearms offense.

Along with his co-defendant Frank Snyder, Mosley then timely filed an appeal to the United States Court of Appeals for the Fourth Circuit. The principal focus of that appeal was a constitutional challenge to his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). He also argued that the state convictions underlying his enhanced sentence should be vacated, as his guilty pleas were allegedly not knowing and voluntary. In a June 9, 2006 opinion, the Fourth Circuit affirmed Mosley's conviction and sentence. *United States v. Snyder*, 184 F.App'x 356 (4th Cir. 2006). No petition for writ of certiorari was filed.

Mosley filed the present motion on June 8, 2007. (ECF No. 258). He seeks relief on two bases: (1) he received ineffective assistance of counsel and (2) his sentence was improperly enhanced by a 1988 drug conviction. The government opposed on August 17, 2007. (ECF No. 263). No reply was filed.

**II. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A pro se movant such as Mosley is of course entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**III. Analysis**

    **A. Ineffective Assistance of Counsel**

Mosley's first argument is premised on alleged ineffective assistance of counsel. Such claims are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a

3

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *See Strickland*, 466 U.S. at 697.

Mosley raises several issues with his trial counsel: counsel was not acting in Mosley's "best interest," he would not ask certain questions of witnesses that Mosley wished to ask, he had several "heated exchanges" with Mosley, he failed to follow-up on a promise to attack Mosley's underlying state convictions, and he would not provide Mosley with a trial transcript.

Mosley's claims that counsel was not working in his "best interests" and that he and counsel had several "heated

4

exchanges" do not establish ineffective assistance. Mosley has not pointed to particular facts demonstrating that his counsel was acting against his interests. Although there may have been disagreements and disputes between Mosley and his counsel, such disagreement does not render counsel's performance objectively unreasonable. As the Seventh Circuit has explained:

> The irreconcilable differences between [counsel] and [the defendant] do not support a finding of ineffective assistance of counsel. The Sixth Amendment does not guarantee a friendly and happy attorney-client relationship. The fact that [counsel] and [the defendant] did not get along does not translate into an inability of [counsel] to zealously defend his client; it does not mean that the objectives of representation could not be fulfilled. Mutual admiration societies are not constitutional guarantees and conclusory statements that [counsel] "took a dive" shows antagonism toward the lawyer but, without more, does not show antagonism from the lawyer toward the client.

*United States v. Mutuc*, 349 F.3d 930, 934 (7th Cir. 2003) (citations and quotation marks omitted); *see also Morris v. Slappy*, 461 U.S. 1, 13-14 (1983) (holding that the Sixth Amendment does not guarantee a "meaningful" attorney-client relationship). Generalized complaints of discord do not amount to ineffective assistance.[1]

---

[1] In arguing that his counsel failed to pursue his interests, Mosley states that he filed "a complaint to the State

5

Mosley's allegation that his trial counsel did not ask particular questions of certain cooperating witnesses does not justify relief here either. As an initial matter, tactical decisions such as what questions to ask of witnesses are "virtually unchallengeable." *Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009) (quotation marks omitted); *see also United States v. Orr*, --- F.3d ----, No. 09-3644, 2011 WL 722405, at *6 (8th Cir. Mar. 3, 2011) ("[Courts] generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel."); *United States v. Jackson*, 546 F.3d 801, 814 (7th Cir. 2008) ("[D]eciding what questions to ask a prosecution witness on cross-examination is a matter of strategy."); *DeLozier v. Sirmons*, 531 F.3d 1306, 1326 (10th Cir. 2008) ("[C]ounsel's decisions regarding how best to cross-examine witnesses presumptively arise from sound trial strategy."); *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) ("Decisions about whether to engage in cross-examination and, if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim."

---

bar association on counsel" during trial. To the extent Mosley is suggesting that complaint created a conflict of interest, several courts have concluded otherwise. *See Galloway v. Howard*, 624 F.Supp.2d 1305, 1317 n.35 (W.D.Okla. 2008) (listing cases).

(quotation marks and ellipses omitted)). Mosley provides nothing to rebut the ordinary presumption here, as he does not indicate what questions he wanted asked and how it was unreasonable to ignore them. The record also does not reveal any deficiencies in counsel's questioning; to the contrary, counsel extensively cross-examined cooperating witnesses. Although Mosley might have preferred the questioning to proceed in a different fashion, "the client's expressed disagreement with counsel's decision cannot somehow convert the matter into one that must be decided by the client." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). And even if trial counsel's questioning was somehow lacking, Mosley has not suggested in any way how his proposed questions would have resulted in a different outcome in his case.

Mosley also says his trial counsel did not follow through on a "promise" to file motions in state court seeking to vacate Mosley's prior state court convictions obtained through guilty pleas. The sentencing transcript does not reveal any such "promise." Rather, counsel discussed a possible challenge to the convictions in this court, which would have been untimely. The court noted that Mosley had already had much time within which to challenge the state court convictions in state court, but had not done so. The court also noted that, if those state

7

court convictions were later vacated by a state court, Mosley could seek relief in this court. Furthermore, it does not appear that, as a matter of federal constitutional law, counsel has an obligation to initiate a proceeding in state court (such as a *coram nobis* petition) challenging any and all prior convictions. Mosley could have done so himself, and might have had court appointed assistance from the state authorities to do so. Finally, Mosley has not presented any evidence of prejudice. A presumption of regularity attaches to final criminal judgments. *United States v. Collins*, 415 F.3d 304, 316 (4th Cir. 2005) (citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)). Mosley has not attempted to rebut that presumption here. In particular, Mosley does not now suggest that his prior guilty pleas were unknowing or involuntary, or otherwise proffer any reason why the convictions could be vacated. Without such a showing, it cannot be said that there was a reasonable probability that any motion in state court would have succeeded. Lacking prejudice, there is no ineffective assistance.

Finally, Mosley maintains that his trial counsel was deficient because, "after the [a]ppeal," he refused to provide Mosley with a copy of the trial transcript. There is of course no constitutional right to counsel beyond the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *accord*

8

*United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). There can be no ineffective assistance of counsel where there is no constitutional right to counsel. *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Consequently, Mosley cannot base an ineffective assistance claim on acts occurring after the appeal.

Even if he could assert a claim of ineffective assistance of counsel based on post-appeal conduct, this court has previously refused to find any ineffective assistance resulting from a failure to provide a transcript unless the petitioner can demonstrate some particular need for it. *See United States v. Ilodi*, 982 F.Supp. 1046, 1049 (D.Md. 1997). As the court then explained:

> Ilodi also alleges that he received ineffective assistance of counsel on appeal because his counsel did not provide him with a copy of the trial transcript. There is no constitutional requirement that Ilodi be supplied with his counsel's copy of the transcript of his trial. Ilodi is entitled to his own copy of the transcript only upon a showing of particularized need. In his motion, Ilodi asserts that he did not have the benefit of the transcripts to discover/marshal other grounds in the record. This showing is not sufficient. Ilodi may not obtain a free transcript merely to comb the record in the hope of discovering some flaw.

*Id.* (quotation marks and citations omitted). Mosley has not indicated any particular need for a transcript. Similarly,

Mosley has not suggested any possible prejudice resulting from his counsel's failure to produce the transcript. Thus, there was no ineffective assistance stemming from any failure to produce a transcript (or anything else).

**B. Use of Prior Convictions**

Although Mosley's second argument is not entirely clear, he seems to contend that a 1988 conviction used to enhance his sentence in this case was too old to justify an enhancement. As the government correctly observes, such an argument has been procedurally defaulted, as Mosley did not raise this argument in his direct appeal. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quotation marks omitted). Mosley has not attempted to establish either cause or prejudice.[2]

---

[2] Mosley briefly notes that he does not "have the knowledge of the proper procedures after the appeal to proceed further." Of course, that does not explain why he did not raise the issue during his direct appeal, when he enjoyed the assistance of counsel. In any event, a petitioner's ignorance of the relevant laws and procedures do not amount to cause sufficient to excuse procedural default. *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

But even if one considers the merits of Mosley's argument, it fails. The plain language of 21 U.S.C. § 841(b)(1)(A) does not include any time limit on the use of prior convictions in imposing an enhanced sentence for a felony drug offense. Mosley may be mistakenly assuming that the temporal limitations found in the Guidelines, *see* U.S.S.G. § 4A1.2(e), apply to the statutorily increased mandatory minimums found in Section 841. Courts have previously rejected such an argument. *See, e.g.*, *United States v. Graham*, 622 F.3d 445, 460-61 (6th Cir. 2010); *United States v. Hudacek*, 24 F.3d 143, 146 (11th Cir. 1994). Although Mosley may feel his 1988 conviction was old, nothing in the statute disqualifies such a conviction from being used.[3]

---

[3] Mosley also complains that the indictment speaks of a conspiracy beginning in 1998, even though he was allegedly incarcerated at that time. Mosley raised this argument at the time of sentencing. As the court then explained, the reference to 1998 is part of "the overall allegation of the scope of the conspiracy. Not everybody has to participate fully the entire time. People come and go to different types of conspiracy. I recognize the factual situation with regard to Mr. [Mosley]'s prior incarceration, and I think we understood that at trial as well. And I think the [presentence] report makes clear later on of the time he was in custody."

## IV. Conclusion

For the foregoing reasons, Mosley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Upon its review of the record, the court finds that Mosley does not satisfy the above standard.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge